USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/16/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
YEHUDAH TZIYON KE'ISH MIL'CHAMOT,    :
:     15 Civ. 108 (PAE)
Plaintiff,   :
:     OPINION & ORDER
-v-                                  :
:
NEW YORK CITY HOUSING AUTHORITY,     :
:
Defendant.  :
:
------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

In this action, plaintiff Yehudah Tziyon Ke'ish Mil'chamot, *pro se*, brings constitutional and statutory claims of housing discrimination against defendant New York City Housing Authority ("NYCHA"). Mil'chamot alleges that he was denied public housing due to his nationality, race, religion, and disability, and seeks an injunction compelling NYCHA to provide him with a one-bedroom apartment.

NYCHA now moves to dismiss Mil'chamot's Amended Complaint, or, alternatively, for summary judgment. For the reasons that follow, the Court stays consideration of NYCHA's motion pending a determination of Mil'chamot's competency and the appointment, if necessary, of a guardian *ad litem*.

## I. Background

### A. Factual Background[1]

Mil'chamot, age 38, is a single male who has been homeless and living in a shelter for three years. Pl. Br. 3; *id.*, Ex. A. In 2014, he was diagnosed with degenerative disc disease, bulge/herniation, and facet disease. Am. Compl. 6.

Mil'chamot alleges that on multiple occasions, he participated in telephone calls with NYCHA officials, who informed him that he was ineligible for public housing because of his nationality and religion. Am. Compl. 2. Specifically, he claims, he spoke with two NYCHA officials who told him that he "will never be given a place because [he is] Jewish." *Id.*; Pl. Aff. 1. Additionally, he alleges, he received several letters "with references of discriminatory and racial sayings." Am. Compl. 2.

### B. Procedural History

On January 5, 2015, Mil'chamot, proceeding *in forma pauperis*, filed a complaint against NYCHA, the New York City Human Resource Administration ("HRA"), and the Center of Urban Community Services ("CUCS"), alleging discrimination in violation of federal and New York constitutional and statutory law. Dkts. 2, 3.

---

[1] These facts are drawn from the Amended Complaint, Dkt. 12 ("Am. Compl."), and Mil'chamot's letter, Dkt. 35, at 1–3 ("Pl. Br."), and affidavit, *id.* at 5–6 ("Pl. Aff."), in opposition to NYCHA's motion. A court generally may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss. However, because a *pro se* plaintiff's allegations must be construed liberally, it is appropriate to consider factual allegations made in a *pro se* plaintiff's opposition papers, so long as the allegations are consistent with the complaint. *Braxton v. Nichols*, No. 08 Civ. 8568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010) (collecting cases); *see, e.g.*, *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (considering, in addition to complaint, *pro se* plaintiff's brief in opposition to motion to dismiss); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (same).

On March 30, 2015, Mil'chamot filed an application asking the court to request appointment of pro bono counsel. Dkt. 4. There, Mil'chamot claimed, *inter alia*, that he is "mentally & physically disabled, has brain damage[,] and was found incompetent to stand trial." *Id.* at 1. Additionally, he submitted (1) a fax from Trenton Psychiatric Hospital, dated April 12, 2011, indicating that Mil'chamot was found incompetent to stand trial at that time; and (2) an evaluation from the Monmouth County Correctional Facility, dated February 18, 2011, stating that Mil'chamot's "[c]ompetence could not be determined" and "further examination regarding his legal knowledge and court proceedings is . . . recommended since the standard for pro se representation is somewhat higher than that for competence to stand trial." *Id.* at 4, 7. The Court has, to date, reserved judgment on Mil'chamot's request for pro bono counsel.

On April 13, 2015, the Honorable Loretta A. Preska, United States District Judge, issued an order dismissing the complaint, which she construed to bring federal claims under 42 U.S.C. § 1983 and the Fair Housing Act ("FHA"). Dkt. 8. Chief Judge Preska held that Mil'chamot's claims against CUCS must be dismissed for failure to state a claim, and that his claims against HRA must be dismissed because an agency of the City of New York (the "City") cannot be sued in its own capacity. *Id.* at 3–4. As to the claims against NYCHA, Chief Judge Preska found that Mil'chamot failed to state a claim for relief under § 1983 or the FHA because he alleged no facts demonstrating that (1) a policy or custom of the City violated his federal constitutional rights, or (2) NYCHA discriminated against him based on his protected status. *Id.* at 4. The dismissal was without prejudice, however, "[b]ecause [Mil'chamot] asserts that he is mentally incompetent." *Id.* at 3 (citing *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009)). Chief Judge Preska directed Mil'chamot to file an amended complaint naming the City as a defendant and

3

alleging facts that show how his federal rights were violated by a policy or custom of the City and NYCHA. *Id.* at 4–5.

On June 23, 2015, Mil'chamot filed the Amended Complaint, bringing claims against NYCHA for discrimination in violation of federal and New York statutory and constitutional law. Am. Compl. On August 20, 2015, Mil'chamot's case was reassigned to this Court. On September 25, 2015, the Court referred the case to the Honorable Henry B. Pitman, United States Magistrate Judge, for general pretrial supervision. Dkt. 20.

On December 23, 2015, NYCHA filed a motion to dismiss the Amended Complaint, Dkt. 30, as well as a memorandum of law, Dkt. 31 ("Def. Br."), and a declaration by Jose Martinez, Dkt. 32 ("Martinez Decl."), in support. NYCHA also served Mil'chamot with a notice alerting him to the possibility that the Court might convert the motion into one for summary judgment and advising him of the requirements for opposing such a motion. Dkt. 33.

On January 21, 2016, Mil'chamot filed a letter in opposition to NYCHA's motion, Pl. Br., as well as a supporting affidavit, Pl. Aff., and an accompanying exhibit. On February 2, 2016, NYCHA replied. Dkt. 36.

## II.   Discussion

Under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, NYCHA has submitted factual materials along with its motion to dismiss, and requested that, on the basis of those materials, the Court convert its motion into a motion for summary judgment. However, the Court's judgment is that, in light of Mil'chamot's claim of incompetency, it is

premature to resolve whether to convert NYCHA's pending motion into one for summary judgment, let alone to resolve on the merits NYCHA's challenge to Mil'chamot's claims.

"The essential inquiry in determining whether it is appropriate to convert a motion [to dismiss] into a motion for summary judgment is 'whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.'" *Costor v. Sanders*, No. 07 Civ. 11311 (NRB), 2009 WL 1834374, at *2 (S.D.N.Y. June 16, 2009) (quoting *Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687, 689 (2d Cir. 1990)); *see also Sahu v. Union Carbide Corp.*, 548 F.3d 59, 69–70 (2d Cir. 2008) ("[C]are should, of course, be taken by the district court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." (internal quotation marks and citation omitted)). Where, as here, the non-movant is proceeding *pro se*, formal "[n]otice is particularly important because the *pro se* litigant may be unaware of the consequences of his failure to offer evidence bearing on triable issues. Accordingly, *pro se* parties must have unequivocal notice of the meaning and consequences of conversion to summary judgment." *Hernandez v. Coffey*, 582 F.3d 303, 307–08 (2d Cir. 2009) (internal quotation marks and citations omitted).

Here, NYCHA served Mil'chamot with a notice, under Local Civil Rule 12.1, advising him that its motion might be converted into one for summary judgment. Dkt. 33. And Mil'chamot has submitted, in opposition to NYCHA's motion, additional exhibits, including a sworn statement and a record documenting his enrollment at a homeless shelter. *See* Pl. Aff.; *id.*, Ex. A. Moreover, Mil'chamot's opposition letter explicitly references NYCHA's motion for

summary judgment. *See* Pl. Br. 3. Under ordinary circumstances, on this record, the Court would find that Mil'chamot has received sufficient notice to permit, if merited, the conversion of NYCHA's motion into one for summary judgment.

However, in light of Mil'chamot's representations that he is incompetent, the Court is not confident that he fully comprehends the implications of the conversion of the motion into one for summary judgment, or that he "has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that [NYCHA] is entitled [to summary judgment] as a matter of law." *Sahu*, 548 F.3d at 69–70.

More fundamentally, the Court cannot dispose of any of Mil'chamot's claims on the merits, upon a motion for summary judgment or otherwise, until it determines whether he is an incompetent person entitled to the protections of Federal Rule of Civil Procedure 17(c). An "incompetent person normally lacks the capacity to bring suit for himself." *Berrios*, 564 F.3d at 134. Federal Rule of Civil Procedure 17(c) provides that "[t]he court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a[n] . . . incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

For this reason, the Second Circuit has held that "the district court must not reach the merits of a claim filed on behalf of an incompetent person who is not properly represented by a suitable guardian and through counsel." *James v. New York*, 415 F. App'x 295, 297 (2d Cir. 2011) (summary order); *see also Berrios*, 564 F.3d at 134 ("Where the owner of a claim is a[n] . . . incompetent person, . . . unless that claimant is properly represented by a guardian *ad litem*, next friend, or other suitable fiduciary, and that representative either is, or is represented by, an

attorney, the court should not issue a ruling as to whether the complaint states a claim on which relief may be granted.").[2]

Rule 17(c)(2) is triggered where there is "actual documentation or testimony" of the plaintiff's mental incompetency. *Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009) (summary order) (quoting *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 n.4 (2d Cir. 2003)). As the Second Circuit explained in *Ferrelli*:

> If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied.

323 F.3d at 201.

Here, Mil'chamot has submitted (1) a fax from Trenton Psychiatric Hospital, dated April 12, 2011, indicating that he was found incompetent to stand trial at that time; and (2) an evaluation from the Monmouth County Correctional Facility, dated February 18, 2011, indicating that Mil'chamot's "[c]ompetence could not be determined" and "further examination regarding his legal knowledge and court proceedings is . . . recommended since the standard for pro se representation is somewhat higher than that for competence to stand trial." Dkt. 4, at 4, 7. While this evidence is not dispositive, it is sufficiently concrete to warrant a determination of whether Mil'chamot is in fact competent to bring this lawsuit. *See James*, 415 F. App'x at 297 (competence determination was required where plaintiff submitted documents showing that she

---

[2] However, "[a] party in a civil case has no constitutionally guaranteed right to the assistance of counsel," *Berrios*, 564 F.3d at 134, and a court may decline to appoint counsel for an incompetent person "when it is clear that no substantial claim may be brought on behalf of such party," *Wenger v. Canastota Central School Dist.*, 146 F.3d 123, 125 (2d Cir. 1998). Under those circumstances, the court should dismiss the plaintiff's complaint without prejudice. *Id.*

7

had been adjudicated incapacitated in an earlier state court proceeding); *Perri*, 350 F. App'x at 491 (district court's failure to consider applicability of Rule 17(c) was abuse of discretion where plaintiff submitted evaluation by mental health agency detailing his history of mental illness and recommending that he be represented by a guardian *ad litem* in unrelated state court proceeding).

The Court, therefore, refers this case to Magistrate Judge Pitman for a determination of whether Mil'chamot is legally incompetent under Rule 17(c)(2), and, if necessary, for the appointment of a guardian *ad litem*. If any appointed guardian is not himself an attorney, the Court requests that Judge Pitman also determine whether the appointment of counsel is appropriate. *See Wenger*, 146 F.3d at 125 (court may decline to appoint counsel for an incompetent person "when it is clear that no substantial claim may be brought on behalf of such party"); *Berrios*, 564 F.3d at 135 ("[I]f the court . . . appoints a suitable guardian who is a non-attorney, it should not dismiss the action without affording such guardian the opportunity to retain counsel or to seek representation from a *pro bono* attorney or agency. . . . If the guardian is not an attorney and does not obtain counsel, and if it is not clear to the court whether a substantial claim might be asserted on [the plaintiff's] behalf, the court should decide whether to appoint counsel, taking into 'consider[ation] the fact that, without appointment of counsel, the case will not go forward at all.'" (quoting *Wenger*, 146 F.3d at 125)).

## CONCLUSION

For the foregoing reasons, the Court stays consideration of NYCHA's motion to dismiss pending a determination of Mil'chamot's competency and the appointment, if necessary, of a guardian *ad litem*. The Court refers this case to Judge Pitman for further proceedings in accordance with this Order.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: February 16, 2016
       New York, New York