USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

YEHUDAH TZIYON KE'ISH MIL'CHAMOT,

                        Plaintiff,

        -v-

NEW YORK CITY HOUSING AUTHORITY,

                        Defendant.

------------------------------------------------------------------------ X

15 Civ. 108 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

In this action, plaintiff Yehudah Tziyon Ke'ish Mil'chamot, *pro se*, brings constitutional and statutory claims of housing discrimination against the New York City Housing Authority ("NYCHA"). Mil'chamot alleges that he was denied public housing due to his nationality, race, religion, and disability. He seeks an injunction compelling NYCHA to provide him with a one-bedroom apartment.

On January 5, 2015, Mil'chamot filed the original Complaint. Dkt. 2. On March 30, 2015, Mil'chamot asked the Court to request appointment of pro bono counsel. Dkt. 4. There, Mil'chamot claimed, *inter alia*, that he is "mentally & physically disabled, has brain damage[,] and was found incompetent to stand trial." *Id.* at 1. Additionally, he submitted (1) a fax from Trenton Psychiatric Hospital, dated April 12, 2011, indicating that he was found incompetent to stand trial at that time; and (2) an evaluation from the Monmouth County Correctional Facility, dated February 18, 2011, stating that his "[c]ompetence could not be determined." *Id.* at 4, 7.

On April 13, 2015, the Honorable Loretta A. Preska, United States District Judge, issued an order dismissing the Complaint for failure to state a claim. Dkt. 8. On June 23, 2015,

Mil'chamot filed the Amended Complaint. Dkt. 12. On September 25, 2015, the Court referred the case to Magistrate Judge Pitman for general pretrial matters. Dkt. 20.

On December 23, 2015, NYCHA moved to dismiss the Amended Complaint, Dkt. 30, and filed a memorandum of law in support, Dkt. 31 ("Def. Br."). In support, it also submitted (1) a declaration by an NYCHA employee setting forth its public housing application process and the status of Mil'chamot's public housing application; (2) NYCHA's Tenant Selection and Assignment Plan ("TSAP"); and (3) Mil'chamot's correspondence with NYCHA. *See* Dkt. 32; *id.*, Exs. A, B.

On February 16, 2016, the Court held that it could not dispose of Mil'chamot's claims on the merits until it determined whether he is an incompetent person entitled to the protections of Federal Rule of Civil Procedure 17(c). Dkt. 37, at 6–8 (citing, *inter alia*, *James v. New York*, 415 F. App'x 295, 297 (2d Cir. 2011) (summary order) ("[T]he district court must not reach the merits of a claim filed on behalf of an incompetent person who is not properly represented by a suitable guardian and through counsel.")). Accordingly, it referred the case to Judge Pitman for a determination of whether Mil'chamot is legally incompetent under Rule 17(c)(2), and, if necessary, for the appointment of a guardian *ad litem*. *Id.* at 8.

On February 24, 2016, Judge Pitman directed Mil'chamot to submit, by March 11, 2016, evidence concerning his claim of incompetence. Dkt. 38. On August 12, 2016, Judge Pitman directed Mil'chamot and NYCHA's counsel to appear, on August 22, 2016, for a competency hearing. Dkt. 44. In that Order, Judge Pitman warned Mil'chamot that failure to appear may result in the dismissal of his Amended Complaint. *Id.* Mil'chamot, however, did not attend the hearing. Nor has he submitted any evidence regarding his claim of incompetence.

On August 12, 2016, Judge Pitman issued a Report and Recommendation (the "Report"), recommending that NYCHA's motion to dismiss be denied without prejudice to renewal by way of a motion for summary judgment. Dkt. 43. The deadline for NYCHA to file objections to the Report was August 26, 2016. *See id.* at 2 ("Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.").

Yesterday, August 25, 2016, NYCHA filed objections to the Report. Dkt. 45. It objects that: (1) the Court did not refer NYCHA's motion to dismiss to Judge Pitman for a Report and Recommendation; (2) even if the motion was referred, the supporting declaration and exhibits can be properly considered on a motion to dismiss because they are incorporated by reference and integral to the Amended Complaint; and (3) in the event the Court finds that the documents are not cognizable on a motion to dismiss, the Court should convert the motion to one for summary judgment. *Id.*

The Court agrees with Judge Pitman's Report, and finds NYCHA's objections to it unpersuasive.

As to the first objection, although the Court did not, in its February 16, 2016 Opinion and Order, refer the motion to dismiss to Judge Pitman for a Report and Recommendation, it did so subsequently, and informally, mindful of Judge Pitman's familiarity with the case by virtue of his supervision of the case for all general pretrial matters. In any event, because the Court has reviewed NYCHA's motion *de novo*, there is no harm to NYCHA from the Court's consideration of Judge Pitman's wise counsel.

As to the second objection, NYCHA's supporting declaration, and the exhibit on which it relies, are not cognizable on a motion to dismiss. Mil'chamot's correspondence with NYCHA,

Dkt. 32, Ex. B, is arguably incorporated by reference in the Amended Complaint, which alleges that Mil'chamot received "several letters . . . with references of discriminatory and racial sayings." Amended Complaint, at 2. But the letters that NYCHA has submitted, without more, would not justify dismissal, because the Amended Complaint alleges that discriminatory remarks were made not only by letter, but telephonically. *See id.* ("On various occasions I had telephone calls with persons from NYCHA offices and was informed cause of my national and religious im not eligible for housing thru them. I talked to two people from this office that made very racial marks to me on the phone and told me flat out that I will never be given a place because im jewish.").[1] To the extent NYCHA proposes to rely on the TSAP as evidence of the lack of discrimination, that policy also does not mandate dismissal, because the existence of that policy does not mean that it was followed. Moreover, even if the TSAP were controlling, it could not be considered on a motion to dismiss, because the Amended Complaint neither references it nor claims that the discriminatory conduct Mil'chamot alleges was the product of that policy. As such, neither NYCHA's declaration regarding the TSAP nor the TSAP itself is "integral" to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citation omitted). Accordingly, the documents on which NYCHA centrally relies in its motion to dismiss, *see, e.g.*, Def. Br. 8–9, are not cognizable on such a motion.

As to NYCHA's third objection, the Court cannot, at this stage, convert NYCHA's motion to one for summary judgment. It is true that a Local Civil Rule 12.1 notice, which

---

[1] That these particular letters "do not contain disparaging statements," Def. Br. 8, does not, of course, exclude the possibility that Mil'chamot received other letters from NYCHA containing "discriminatory and raci[st] sayings," Amended Complaint, at 2. On a motion to dismiss, the Court must assume the truth of Mil'chamot's claim to that effect. In any event, even if the letters NYCHA has submitted otherwise mandated dismissal, the Court could not do so with prejudice absent either (1) a determination that Mil'chamot is competent, or (2) the appointment of a *guardian ad litem*.

4

NYCHA submitted along with its motion, *see* Dkt. 33, is generally deemed sufficient notice to a *pro se* plaintiff that a motion to dismiss may be converted to one for summary judgment. Indeed, the Court noted in its February 16, 2016 Opinion that, "[u]nder ordinary circumstances, . . . the Court would find that Mil'chamot has received sufficient notice to permit, if merited, the conversion of NYCHA's motion into one for summary judgment." Dkt. 37, at 6. However, as the Court also explained in that Opinion, "in light of Mil'chamot's representations that he is incompetent, the Court is not confident that he fully comprehends the implications of the conversion of the motion into one for summary judgment, or that he 'has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that [NYCHA] is entitled [to summary judgment] as a matter of law.'" *Id.* (quoting *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 69–70 (2d Cir. 2008)). And, as the Court further explained, it cannot dispose of any of Mil'chamot's claims on the merits, upon a motion for summary judgment or otherwise, without a competency determination. *Id.*

The issue of whether Mil'chamot is competent thus presents, until it is resolved, an insuperable obstacle to converting NYCHA's motion to dismiss into one for summary judgment and to resolving that motion on the merits in NYCHA's favor. However strong NYCHA's motion might be, due respect for Mil'chamot's possible inability to represent himself due to mental incompetency precludes the Court from entering judgment against him with prejudice. The Court, therefore, denies NYCHA's motion to dismiss, without, of course, prejudice to NYCHA's ability, after a competency determination, to renew that motion as a motion for summary judgment.

Separately, it is essential that Mil'chamot's competency be resolved promptly. The Court directs Mil'chamot to contact Judge Pitman's Chambers, by September 9, 2016, to reschedule

5

...

the competency hearing. **Failure to do so, or to attend the hearing, will result in the dismissal of the Amended Complaint, without prejudice, for failure to prosecute.**

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 30.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 26, 2016
New York, New York