UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YEHUDAH TZIYON KE'ISH MIL'CHAMOT,

                          Petitioner,

-v-

NEW YORK CITY HOUSING AUTHORITY,

                          Respondent.
------------------------------------------------------------------X

15-CV-108 (PAE) (HBP)

OPINION AND ORDER

PAUL A. ENGELMAYER, District Judge:

On January 5, 2015, plaintiff Yehudah Tziyon Ke'ish Mil'Chamot, proceeding *pro se*, commenced this action, alleging that the defendant, New York City Housing Authority ("NYCHA"), discriminated against him in rejecting his application for an apartment in public housing. Dkt. 2. On February 16, 2016, this Court referred the matter to Magistrate Judge Henry B. Pitman for a determination of the plaintiff's competency. Dkt. 37. On December 20, 2016, Magistrate Judge Pitman issued a Report and Recommendation to this Court, recommending that the Court find the plaintiff competent and also that the Court dismiss the matter on the ground that the parties agreed, on the record, to a settlement and the defendant has already complied with its obligations under that settlement. *See* Dkt. 52 (the "Report"). The Report stated that the parties were required to file any objections within 14 days from the date of the Report's issuance. To date, the Court has received no objections.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine

*de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

## CONCLUSION

Careful review of the thorough and well-reasoned Report reveals that there is no facial error in its conclusions. The Report, which is incorporated by reference herein, is adopted without modification. The Court finds the plaintiff competent and dismisses the matter in light of the settlement agreement, with which the defendant has complied. The Clerk of Court is directed to close the motion pending at Dkt. 53 and to close this case.

The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore declines to issue a certificate of appealability, and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 12, 2017
      New York, New York